[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Manhattan Realty Associates, LLC, brings this summary process action in three counts against defendants Paul Kozlowski, Acme Auto Rental, Inc., John Doe, and John Doe Corporation seeking possession of premises known as 242-244 Whalley Avenue in New Haven, Connecticut. In the First Count the plaintiff alleges that defendants Paul Kozlowski and Acme Auto Rental, Inc. entered into an oral month-to-month lease of the premises some time prior to January 1, 1966, for a consideration of $ 1,000 per month.
In count one the plaintiff claims that although said defendants have and continue to occupy the premises they have failed to pay rent for the months of February and March of 1996. The plaintiff alleges further that such failure should result in the defendant's eviction. The plaintiff also alleges in this count that on March 29, 1996, a notice was served upon the defendants informing them to quit the premises. The notice to quit cites three grounds: nonpayment of rent; lapse of time; and termination of the right or privilege to occupy the premises.
The Second Count asserts a claim that the oral month-to-month lease has terminated due to a lapse of time. In the third count the plaintiff incorporates its allegations from the first count as to defendants Paul Kozlowski and Acme Auto Rental, Inc. In addition, the plaintiff asserts that a John Doe, and a John Doe Corporation are currently occupying the premises. The plaintiff realleges the giving of the notice to quit, and claims the right to repossession because "[a]lthough the defendants once had a right to possession in the premises, that right has terminated.[1]
CT Page 5256
From the testimony presented at the trial the count finds that the parties' oral month-to-month lease for the premises commenced sometime in 1995. The rent was set at $ 1,000 per month, payable on the first day of each month. Defendant Paul Kozlowski operated a vehicle rental business at the premises. His business is known as American Auto Rental, doing business as Acme rent-a-car.
A prospective purchaser of the premises motivated the plaintiff to request that defendant Paul Kozlowski surrender its possession. The plaintiff informed said defendant verbally sometime early in February of 1996 that if he left by the end of the month, he could use the rent for that month to assist financing his removal. Paul Kozlowski informed the plaintiff that it is unlikely he could move in three weeks and that he probably would need another month. Derek Hotchkiss, the plaintiff's manager told Paul Kozlowski to "start looking and we'll talk about it." A week or two later defendant Paul Kozlowski called and informed the plaintiff that he had not found another place. The plaintiff's manager replied that the defendant should continue looking and call again.
Defendant Kozlowski did not call again in February, but did call on or about March 10, 1996. At that time the defendant again informed the plaintiff that he had not located a place to which to move. During this telephone conversation the plaintiff neither forgave nor extended the time for payment of the rent for the month of March 1996. The rent for the month of March was not paid. On March 29, 1996 the plaintiff served the aforesaid notice to quit.
The court finds that a preponderance of the credible evidence presented at the trial supports the plaintiff's case for possession based upon non-payment of rent for the month of March 1996, lapse of time, and the termination of a right or privilege of occupancy.
Accordingly, judgment of possession hereby enters for the plaintiff on all counts.
Clarance J. Jones, Judge